UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4650

TYRONE DUNCAN PHILLIPS,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert J. Staker, Senior District Judge.
(CR-96-165)

Submitted: May 26, 1998

Decided: June 23, 1998

Before ERVIN and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael R. Cline, MICHAEL R. CLINE LAW OFFICES, Charleston,
West Virginia, for Appellant. Rebecca A. Betts, United States Attor-
ney, Ray M. Shepard, Assistant United States Attorney, Huntington,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Tyrone Duncan Phillips appeals from his conviction after a jury trial, of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C.A. § 846 (West 1994 & Supp. 1998), and causing others to possess with intent to distribute cocaine in violation of 21 U.S.C.A. § 841(a)(1) (West 1994 & Supp. 1998) and 18 U.S.C.A. § 2 (West 1994 & Supp. 1998). We affirm.

The Government's evidence at trial established that Phillips ran a cocaine distribution network for several years, purchasing cocaine from New York and distributing it in Huntington, West Virginia. During the course of the conspiracy, Phillips was in an automobile accident which left him paralyzed. However, he continued to participate in the drug distribution activities and let his father take over the day-to-day operations of the business.

At trial, Phillips took the stand in his own defense. During his direct testimony, Phillips denied any involvement with cocaine sales. He denied operating a drug business, and stated that he had only seen cocaine once in his life, in November of 1994, when he asked Luis Mercado, a named co-conspirator, to show him some. During cross-examination and in an attempt to impeach Phillips' testimony, the Government questioned Phillips about statements he had made to FBI agents regarding a July 1993 trip Phillips took to New York with his associate Todd Leonard. On that trip, Phillips and Leonard transported automatic weapons for delivery to Mercado, in exchange for cocaine. Defense counsel objected to the questioning about the exchange, but the district court overruled the objection. The Government was then allowed to ask Phillips whether he had told FBI agents in a 1994 interview that he saw one-half kilogram of cocaine on that occasion. Phillips denied making this statement.

2

Following the guilty verdict, the district court sentenced Phillips to 120 months' imprisonment. On appeal, Phillips contends that the district court abused its discretion by admitting the testimony regarding the 1993 guns for drugs exchange.

We review the district court's evidentiary ruling for an abuse of discretion. <u>See United States v. Zandi</u>, 769 F.2d 229, 236 (4th Cir. 1985). Because Phillips denied having dealt drugs and denied having seen cocaine other than on one occasion, it was permissible for the Government to question him regarding the 1993 guns for drugs exchange. <u>See</u> Fed. R. Evid. 608(b); <u>United States v. Williams</u>, 986 F.2d 86, 89 (4th Cir. 1993). Consequently, the district court did not abuse its discretion in admitting this evidence.

We affirm Phillips' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3